27 F.3d 572
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, ex rel. Glenn A. Hall; Michael
A. Mapes; and Fred Tribble, Appellants,
v.
CREATIVE GAMES TECHNOLOGY, INC., a Minnesota corporation;
Creative Games Technology, Inc., a Delaware corporation;
Hanson Distributing, Inc., a Minnesota corporation; Indian
Country Leasing Company, an Illinois corporation;
Interstate Gaming Services, Inc., an Illinois corporation;
Progressive Distribution Systems, Inc., a Minnesota
corporation; Sodak Gaming Supplies, Inc., a South Dakota
corporation; Tribal Gaming Supply, Inc., an Illinois
corporation; Grand Casinos of Wisconsin, Inc.-Lac Courte
Oreilles, a Minnesota corporation; Grand Casinos, Inc., a
Minnesota corporation; Mille Lacs Gaming Corporation, a
Minnesota corporation; Mille Lacs Partnership, a limited
partnership; Hinkley Partnership, a limited partnership;
John Doe Corporation; and John Doe and Mary Roe,
individuals, Appellees.
UNITED STATES OF AMERICA, ex rel. Glenn A. Hall; Michael
A. Mapes; and Fred Tribble, Appellants,
v.
ALLIED GAMES, INC., a Wisconsin States corporation; Thomas
N. Theisen, individually, doing business as Minnesota.
Theisen Vending; International Gaming Management, Inc., a
Minnesota corporation; GMT Management Company, a Minnesota
corporation; 1002 Distributing, Inc., an Illinois
corporation, also known as Ten '0 Two Distributing, Inc.;
Tribal Gaming Supply, Inc., an Illinois corporation; John
Doe Corporation; and John Doe and Mary Roe, individuals, Appellees.
 
 Nos. 93-2903MN, 93-3089MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 9, 1994.
Filed: July 5, 1994.
 Before RICHARD S. ARNOLD, Chief Judge, LIVELY,* Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an action under 25 U.S.C. Sec. 81 and other related statutes seeking a declaration that certain contracts related to Indian gaming operations are void for failure to comply with the Indian Gaming Regulatory Act, 25 U.S.C. Secs. 2701-21, and other statutes. The action is brought in the name of the United States, on the relation of various named parties. The relators are private citizens, and the defendants are various providers of goods and services to Indian tribes which are conducting gaming operations. The tribes are in Minnesota and Wisconsin. They have not been made parties to the case.
 
 
 2
 The District Court[1] dismissed the complaint, holding, among other things, that the case (or, as we should say, cases, for a number of actions were filed) must be dismissed for failure to join indispensable parties. In the view of the District Court, "the Indian tribes who are parties to the agreements and transactions at issue are necessary and indispensable parties who cannot be joined involuntarily." In re United States of America ex rel. Glenn A. Hall, et al., Litigation, Civil Nos. 3-92-792 et al., slip op. 11 (D. Minn. May 27, 1993). The tribes cannot be joined involuntarily because they are entitled to sovereign immunity, and there is no indication that the immunity would be waived. We agree with the District Court that the tribes are necessary parties within the meaning of Fed. R. Civ. P. 19(a)(2)(i). They are parties to the challenged contracts, and their interest in the validity of the contracts would be directly affected by a judgment declaring the contracts void and unlawful, which is the relief sought by the plaintiffs. Under Fed. R. Civ. P. 19(b), the question then becomes "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." For the reasons given in the able opinion of the District Court, we agree with that Court that the Indian tribes are indispensable in the sense that word is used in Rule 19. It is simply inconceivable to us that a suit claiming that a contract is invalid should be allowed to proceed in the absence of all parties to the contract.
 
 
 3
 This ground-failure to join indispensable parties-is adequate to dispose of the entire case, and we affirm on that basis. It is thus not necessary for us to reach the issues of standing and of the merits that the parties have briefed. The judgment is affirmed, substantially for the reasons given in that portion of the District Court's opinion that deals with Rule 19. See 8th Cir. R. 47(B).
 
 
 4
 Affirmed.
 
 
 
 *
 The Hon. Pierce Lively, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 The Hon. Paul A. Magnuson, United States District Judge for the District of Minnesota